IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:17-cr-00124-LSC |
| | ) | |
| JAMESE ABNEY | ) | |

**MEMORANDUM OF OPINION**
**AND ORDER**

Defendant filed two Motions for Judgment of Acquittal (docs. 29 & 30) on the 20th day of November, 2017, and the United States has filed its response in opposition to each. After considering the arguments of each as well as the testimony presented at trial, each motion is due to be denied.

**I. STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 29 allows a defendant to move the Court for judgment of acquittal within fourteen days after a guilty verdict or after the Court discharges the jury, whichever is later. *See* Fed. R. Crim. P. 29(c)(1). On a motion for judgment of acquittal, "the test is whether, viewing the evidence presented most favorable to the [g]overnment, a reasonable-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support

the conclusion of the defendant's guilt beyond a reasonable doubt." *Sanders v. United States*, 416 F.2d 194, 196 (5th Cir. 1969) (citation omitted).[1]

## II. DISCUSSION

### a. ABNEY'S CHALLENGE TO THE UNITED STATES' PROOF OF VENUE

In her first motion, Abney challenges her conviction based upon what she contends was the failure of the United States to prove that venue was proper in the Middle District of Alabama. While Abney acknowledges that witnesses testified that the events made the subject of the charges occurred at the Tuskegee Post Office, she maintains that such is insufficient to demonstrate that such Post Office is located in Tuskegee, Alabama and thus the Middle District of Alabama. (Doc. 29 at 2.)

"[T]erritorial jurisdiction and venue are 'essential elements' of any offense in the sense that the burden [of proof] is on the prosecution to prove their existence." *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980). However, venue need only be proved by a preponderance of the evidence as opposed to beyond a reasonable doubt. *Id*. at 534. "Evidence of venue need not be direct; when circumstantial evidence as a whole reasonably supports the inference that the crime was committed in the trial district, the government's burden is satisfied."

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*United States v. Rivamonte*, 666 F.2d 515, 517 (11th Cir. 1982) (citing *United States v. Martino*, 648 F.2d 367, 400 (5th Cir. 1981)).

The United States has met its burden of showing that the crimes for which Abney was convicted occurred in the Middle District of Alabama. Abney does not dispute that the evidence showed that her crime occurred in the Tuskegee Post Office. (Doc. 29 at 2.) The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (Courts may take judicial notice of "matters of geography: for instance, what are the boundaries of a state."). There are in fact two United States Post Offices with Tuskegee in their designation. The first is located at 401 N. Elm Street, in Tuskegee and the other at the Tuskegee Institute 1702 W. Montgomery Rd. Tuskegee, Alabama. Both are located in Tuskegee, Alabama, which is in turn located in the Middle District of Alabama.

The Court notes that the testimony given at trial was sufficient for the jury to find that venue was proper without even resorting to judicially noticing the location of the Tuskegee Post Office. *Weaver v. United States* held that when indictment language, opening statements, and witness testimony supported that an

offense occurred on a certain street located in a city within the judicial district, this evidence was sufficient for the conclusion that the crime occurred in the judicial district. 298 F.2d 496, 498-499 (5th Cir. 1962). During trial, there was a dearth of circumstantial evidence showing that Abney's offense occurred in the Middle District of Alabama. One witness, Janice Simpson, testified that she worked at the Tuskegee Post Office and was working there when the incident occurred. She also testified that she called the Tuskegee Police Department in response to the incident. Obviously the Tuskegee, Alabama Police Department serves and is located in Tuskegee, Alabama. Further, Mekecha Key testified that she worked in the United States Post Office in Tuskegee and that she was doing her job there when the incident occurred. Finally, Jim Tynan, a United States Postal Inspector, testified that the package that Abney was attempting to retrieve was addressed to Jamese Abney, 1112 Chambless Street, Tuskegee, Alabama 36088 and was recovered there at the Post Office in question.

Multiple witnesses have testified to the incident's occurrence in the Tuskegee Post Office, which is located in the Middle District of Alabama. The United States met its burden of showing proper venue.

### b. THE SUFFICIENCY OF EVIDENCE UNDER 18 U.S.C. § 111(A)(1)

In her second motion, Abney challenges the sufficiency of the evidence to support her conviction under 18 U.S.C. § 111(a)(1). She argues that her actions do not constitute "simple assault" because "[t]here would have been no contact between these two individual if [the victim] had not grabbed her by the arms and then grabbed her around the throat" and "the video did not show nor was there any testimony that [Abney] made any contact with [the victim] until after both of these events occurred." (Doc. 30 at 2.)

Abney's motion is due to be granted if this Court finds that a reasonable jury could not have found the defendant guilty of "forcible assault" beyond a reasonable doubt. *See United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989). At the conclusion of the trial the jury was instructed that before they could return a verdict of guilty as to the subject charge, the jury had to conclude that Abney had forcibly assaulted a federal officer who was performing an official duty and that Abney's acts had resulted in physical contact with the federal officer. The jury was also informed that "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. The Court further defined "forcible assault" to include any intentional display of

force that would cause a reasonable person to expect immediate serious bodily harm or death.

Here, there was sufficient evidence for the jury to conclude Abney violated 18 U.S.C. § 111(a) beyond a reasonable doubt. The video of the incident clearly shows the physical contact between Abney and the federal officer. Mekecha Key, John Hicks, and Audrey Hodge all testified that Abney was the initial aggressor. There was likewise testimony that Abney threatened the workers in the Post Office and told them that they would have to make her leave. While Abney argues that the victim did not in fact suffer serious bodily harm or death, the requirements of "forcible assault" is only that a reasonable person expects serious bodily harm or death, not that they actually suffer either. Abney has thus failed to show that the evidence was insufficient to prove that she violated 18 U.S.C. § 111(a) beyond a reasonable doubt.

### III. CONCLUSION

For the reasons stated above, Abney's Motions for Judgment of Acquittal (docs. 29 & 30) are DENIED.

**DONE** and **ORDERED** on December 19, 2017.

/s/ L. Scott Coogler
L. Scott Coogler
United States District Judge

190485